# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

JOSIAH PLETCHER,

    Petitioner,

v.                                   Case No. 3:15-CV-537 JVB

SUPERINTENDENT,

    Respondent.

## OPINION AND ORDER

Josiah Pletcher, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 15-09-43) where a disciplinary hearing officer (DHO) at the Westville Correctional Facility found him guilty of Trafficking in violation of A-113/111 on September 9, 2015. As a result, he was sanctioned with the loss of 90 days earned credit time and demoted to Credit Class 2. Pletcher raises three grounds in his petition.

In Ground One, Pletcher argues that he was found guilty of the wrong charge. He argues that he should have been found guilty of Attempted Trafficking, rather than Trafficking. This is a technical argument which is based solely on the omission of the word "Attempted" from the Disciplinary Hearing Report. The Conduct Report charged him with "Attempting to engage in trafficking" in violation of 111/113. DE 1-1 at 1. The Conduct Report stated that Pletcher sent an email to a person outside of the prison stating that she should have received the money by now to purchase illegal drugs. It stated that he twice called the same person asking for additional drugs. The code number for attempting a Class A violation is 111.[1] The code number for trafficking is

---

[1] https://secure.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf

113.[2] Both the Conduct Report and the Disciplinary Hearing Report contain those numbers. By number, he was charged with attempted trafficking. By number he was found guilty of attempted trafficking. There is no indication that the omission of the word "Attempted" from the text of the Disciplinary Hearing Report changed the factual basis of the charge against him. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Here, there is no indication that the omission of the word "Attempted" from the Disciplinary Hearing Report violated those rights. Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, Pletcher argues that his hearing officer was not impartial because she had written an unrelated conduct report on him five months before. In Ground Three he argues that the sanctions were too harsh. He acknowledges that he did not present either of these two grounds during his administrative appeals.

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present

---

[2] *Id*.

that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Because Pletcher did not present these two grounds to the Final Reviewing Authority, they are unexhausted.

Additionally, even if Grounds Two and Three had been exhausted, they would not be a basis for habeas corpus relief. "A hearing officer is not automatically deemed biased . . . simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502." *Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). And the harshness of sanctions is not a valid basis for challenging a punishment that is within the range of the offense for which the inmate was found guilty. *Cf. United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (Where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence."). Pletcher's sentence was within the limits permitted by Indiana's Disciplinary Code for Adult Offenders for a Class A offense.

For these reasons, the Court **DENIES** the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4 and **DIRECTS** the Clerk to close this case.

SO ORDERED on October 27, 2016.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE